IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARISSA HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:19-CV-1138 |
| | ) | |
| **TITLEMAX OF TEXAS, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Marissa Harris, in the above-styled cause and for her Complaint against the Defendant states the following:

## PARTIES

1. The Plaintiff, Marissa Harris ("Harris") is a resident and citizen of the state of Texas, Harris County, and is over the age of twenty-one (21) years.

2. The Defendant, TitleMax of Texas, Inc. ("TitleMax"), is a Delaware corporation with a principal place of business in Georgia and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and is registered to do business in Texas.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S. Code § 1332 since the parties are diverse and the amount at stake exceeds $75,000.00. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

4. Plaintiff purchased a 2012 Ford Fusion ("the Vehicle") and contemporaneously executed a financing and security agreement on the Vehicle with Defendant TitleMax.

5. On or about November 2018, Defendant TitleMax alleged that Plaintiff was in default of the agreement.

6. On or about November 27, 2018, Defendant TitleMax's repossession agent went to Plaintiff's house to take possession of the Vehicle.

7. When the repossession agent arrived, Plaintiff's dog began barking at the window which alerted Plaintiff of his arrival.

8. Plaintiff realized her wallet, containing her driver's license, bank cards, etc., was in the Vehicle and went outside to retrieve it.

9. Plaintiff stated she was going to get her wallet out of the Vehicle to the repossession agent, unlocked driver's side door, and began to open it.

10. At the time, the repossession agent aggressively approached her, struck her with his clipboard, and forced her back way from the Vehicle.

11. Plaintiff explained she was only getting her wallet and the repossession agent responded "I wouldn't do that if I was you."

12. At this time, Plaintiff was frightened and ran inside to call the Harris County Sherriff's Office ("HCSO").

13. By the time a deputy with the HCSO arrived, the repossession agent had already left with the Vehicle.

14. After the repossession, Defendant TitleMax sent Plaintiff a letter stating it did not have key access to the Vehicle and therefore could not list the personal property inside the Vehicle.  The letter also failed to state a location and reasonable time for Plaintiff to claim the personal property.

15. Since the repossession, upon information and belief, Defendant TitleMax has auctioned the Vehicle and has not returned Plaintiff's personal property.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANT

16. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

17. The Defendant was under a duty to not breach the peace and not take/return any personal property that was in the Vehicle.

18. The Defendant breached that duty.

19. As a proximate cause of Defendant's negligence, the Plaintiff was deprived of the Vehicle, lost the use of her personal property, incurred monetary damages in replacing the personal property, and has suffered mental damages and the accompanying physical damages.

## COUNT TWO
## CONVERSION CLAIM AGAINST DEFENDANT

20. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. Plaintiff owned and had immediate possession of the Vehicle and personal property.

22. The Defendant did not have a present and immediate right of possession of the Vehicle and/or the personal property at the time of repossession due to a breach of the peace.

23. Without the Plaintiff's consent, the Defendant intentionally deprived the Plaintiff of her rightful possession of the Vehicle and personal property.

24. At all times relevant hereto, the Defendant acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

25. As a result of the Defendant's conduct, the Plaintiff was deprived of the Vehicle, lost the use of her personal property, incurred monetary damages in replacing the

personal property, and has suffered mental damages and the accompanying physical damages.

## COUNT THREE
## VIOLATION OF U.C.C. AGAINST DEFENDANT

26. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

27. Defendant violated Texas Bus. & Commerce Code § 9.609(b)(2) by repossessing Plaintiff's vehicle in a manner which breached of the peace.

28. As a result of this violation, the Plaintiff was deprived of the Vehicle, lost the use of her personal property, incurred monetary damages in replacing the personal property, and has suffered mental damages and the accompanying physical damages.

## COUNT FOUR
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

31. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6).

32. Defendants violated Tex. Fin. Code § 392.301(a)(1) by using violence or other criminal means to cause harm to a person or property of a person.

33. As a result of this violation, the Plaintiff was deprived of the Vehicle, lost the use of her personal property, incurred monetary damages in replacing the personal property, and has suffered mental damages and the accompanying physical damages.

## COUNT FIVE
## VIOLATIONS OF THE TEXAS MOTOR VEHICLE INSTALLMENT SALES ACT

34. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. Defendant violated Tex. Fin. Code § 348.407 by failing to issue a proper notice of personal property.

36. As a result of this violation, Plaintiff is entitled to damages pursuant to Tex. Fin. Code § 349.003.

## COUNT SIX
## ASSAULT AND BATTERY

37. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

38. Defendant intentionally and knowingly caused physical contact with Plaintiff which caused bodily injury and he knew or should have known the contact would be regarded as offensive or provocative.

39. As a result of the Defendant's conduct, has suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

40. Compensatory and punitive damages against the Defendant;

41. Remedies available under cited Texas law, including statutory damage, costs and attorneys' fees and any other compensatory damages; and,

42. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
351 24th St N #953
Birmingham, Alabama 35203
205-378-8121
jch@jchubbardlaw.com